**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2422

_____

PAUL ARGEN; SURENDER MALHAN,
                                                                        Appellants

v.

HON. DAVID KATZ

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-18-cv-00963)
District Judge: Honorable Susan D. Wigenton

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on June 7, 2024

Before: HARDIMAN, PORTER, and AMBRO, Circuit Judges

(Opinion filed: June 24, 2024)

OPINION[*]

AMBRO, Circuit Judge

Plaintiff-appellant Paul Argen appeals the District Court's summary judgment ruling that his First Amendment rights were not unconstitutionally limited by a gag order imposed on Surender Malhan during the latter's New Jersey family court proceeding.[1] The appeal also asks us to reverse the District Court's denial of Malhan's subsequent motion to intervene and its decision to seal that motion and its attachments. For the reasons below, we will vacate the sealing order and remand for the District Court to conduct a particularized sealing analysis. We affirm its decisions in all other respects.[2]

Background

In 2015, a New Jersey family court imposed a gag order limiting Malhan's ability to discuss with the press or post online private details about his children and custody

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, we do not recap the contentious dissolution of Malhan's marriage. It suffices that "[m]ore than twenty-seven actions related to Malhan's divorce and custody proceedings have been filed." *Malhan v. Platkin*, 2023 WL 8253028, at *1 n.1 (D.N.J. Nov. 29, 2023).

[2] Judge Hardiman would affirm the summary judgment against Argen because the state-court judge acted as an adjudicator in issuing the gag order. He was therefore not a proper defendant to a § 1983 suit. *See Argen v. Att'y Gen. New Jersey*, 2022 WL 3369109, at *6-8 (3d Cir. Aug. 16, 2022) (Hardiman, J., dissenting in part). And Judge Hardiman would affirm the denial of the motion for reconsideration for the same reason.

arrangement.[3]  Argen, who describes himself as "a reporter who has been covering family court abuses for years," claims he would interview Malhan about his family court experiences if Malhan were not bound by the gag order.  App. 40 ¶ 4.  This order does not bind Argen, who is not a party to Malhan's divorce proceedings.  Malhan has repeatedly challenged the gag order in state and federal court.  In a more than 300-page opinion resolving many issues related to the divorce, the New Jersey family court ruled that the order was appropriate.  *Myronova v. Malhan*, No. FM-02-339-21, slip op. at 278-81 (N.J. Super. Ct. Ch. Div. filed Feb. 25, 2022).  That opinion included detailed findings of fact about Malhan's treatment of his children and ultimately found that he had psychologically (but not physically) abused them.  It concluded that the order was justified in light of "the lifelong scars that could be suffered by the children should [it] be lifted." *Id.* at 281.

In this litigation, Argen and Malhan sought a declaration that the gag order is unconstitutional and an injunction against its enforcement.  In 2021, the District Court granted summary judgment against them, concluding it was compelled to abstain under *Younger v. Harris*, 401 U.S. 37 (1971).  *Argen v. Katz*, 2021 WL 2850427 (D.N.J. July 8, 2021).  We affirmed because Malhan's claims were barred by *res judiciata* but vacated and

_____

[3] The gag order states:

> All parties are hereby restrained and enjoined from speaking with, appearing for an interview, or otherwise discussing any custody information to any reporters, journalists, newscasters or other news media employees or from posting any blogs or information not previously posted or disseminated relating to the children or any custody issue in this case . . . .

App. 54.

remanded as to Argen's claims, finding that *Younger* abstention did not bar them. *Argen v. Att'y Gen. N.J.*, 2022 WL 3369109 (3d Cir. Aug. 16, 2022). On remand, the District Court resolved cross-motions for summary judgment against Argen, holding that the gag order did not violate his First Amendment rights. *Argen v. Katz* (*Argen III*), 2023 WL 3815396 (D.N.J. June 5, 2023). That ruling is before us.

After entry of the District Court's summary judgment order, Malhan filed a motion to intervene, which that Court denied. The Court *sua sponte* sealed temporarily that motion and its attachments. After briefing and over Malhan's opposition, it permanently sealed the motion and its attachments. This appeal also challenges those decisions.

Argen

We review *de novo* summary judgment rulings. *Bruni v. City of Pittsburgh*, 941 F.3d 73, 82 (3d Cir. 2019). To affirm a decision granting summary judgment, we must conclude that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Courts have held that the First Amendment protects the "right to listen" to another's speech, *Pa. Fam. Inst., Inc. v. Black*, 489 F.3d 156, 165-66 (3d Cir. 2007),[4] and the gag order limits Argen's ability to listen to Malhan discuss custody issues. It is unclear what level of constitutional review we should apply to the order in response to Argen's challenge. In general, restrictions on the right to listen are subject to less demanding review than limitations on the right to speak, so cases with would-be speaker plaintiffs are not

---

[4] *See also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576 (1980).

4

clearly on-point. *In re Dow Jones & Co., Inc.*, 842 F.2d 603, 608-10 (2d Cir. 1988); *Radio & Television News Ass'n v. U.S. Dist. Ct.*, 781 F.2d 1443, 1446 (9th Cir. 1986). And the gag order does not limit the public's ability to access court proceedings, an especially important application of the right to listen. *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606 (1982); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066-71 (3d Cir. 1984).

The District Court found *N.J. Div. of Youth & Fam. Servs. v. J.B.*, 576 A.2d 261 (N.J. 1990), highly relevant, and we agree. In that decision, the Supreme Court of New Jersey offered a balancing test to be used when the press seeks to access presumptively sealed family court hearings related to child maltreatment. *Id.* at 269-70. The *J.B.* test is fact-specific and "balance[s] the public's right of access to judicial proceedings against the State's interest in protecting children from the possible detrimental effects of revealing to the public allegations and evidence relating to parental neglect and abuse." *Id.* at 269; *see Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 528-29 (3d Cir. 2018) ("The Supreme Court has regularly held that the state has a compelling interest in protecting the . . . psychological well-being of minors[, and w]e have similarly found that the government has a compelling interest in protecting and caring for children in various contexts."). *J.B.* dealt with access to court proceedings, so it offers a higher bar than what the gag order must satisfy.

The District Court saw no genuine disputes of material fact, and neither do we. It noted that an expert concluded that the details Malhan would "share with Argen" but for the gag order "could embarrass and psychologically harm the children" if made public. *Argen III*, 2023 WL 3815396, at *5. It also relied on the *Myronova* court's finding that

5

Malhan had "subjected the children to psychological abuse," particularly "centered on the ongoing divorce and custody battle." *Id.* at *6.

Argen argues that the District Court's analysis was incorrect. He claims it erred by considering the facts found in *Myronova*. Argen relies on *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022), but that case involved a motion to dismiss, a very different procedural posture. Argen also generally denigrates the *Myronova* decision, but he offers no argument – let alone evidence – to place its reliability in doubt. *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998). He claims a genuine dispute about whether Malhan psychologically abused his children, as the *Myronova* court found he did, because a 2016 family court opinion stated that Malhan was "extremely concerned about the safety and well-being of his children." App. 342. That court's statement about Malhan's character does not raise a genuine dispute about Malhan's conduct. Finally, Argen claims a genuine dispute about the damage that Malhan's speech could cause because an expert concluded that his children had not been harmed by publicity surrounding the divorce. But that publicity was limited by the gag order, so its apparently minimal effect on the children does not imply that an ungagged Malhan's speech would be similarly harmless.

Given the undisputed facts, it is plausible that an ungagged Malhan would use the media in a further campaign of psychological abuse, which could subject his children to "extreme embarrassment . . . []or psychological harm." *Argen III*, 2023 WL 3815396, at *6. Balancing that possibility against whatever First Amendment interest Argen has in

6

listening to Malhan discuss the private lives of his children, the District Court did not err in resolving the summary judgment motions against Argen.[5]

Malhan

The District Court denied Malhan's motion to intervene as moot because it was filed after summary judgment was granted. We review for abuse of discretion a District Court's conclusion that a motion to intervene was untimely. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). Malhan moved to intervene on June 26, 2023 – around three weeks after the summary judgment decision. The District Court's conclusion that Malhan's motion was untimely was not unreasonable.

Sealing orders are also reviewed for abuse of discretion. *United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007). To seal a court document over opposition, the movant must make a "particularized" showing that sealing is necessary, and a district court can normally grant a motion to seal only after a "document-by-document" review. *Leucadia, Inc v. Applied Extrusion Techs, Inc.*, 998 F.2d 157, 166-67 (3d Cir. 1993).

The District Court here permanently sealed the motion and its attachments. It did so because it concluded their public filing violated the gag order, as they included "sensitive . . . information" about the children and "ma[d]e extensive reference to non-

---

[5] The Court also denied Argen's motion to reconsider its summary judgment decision. Argen appeals that decision as well. For the reasons above, we hold it did not abuse its discretion when it denied that motion and therefore affirm its prior decision. *United States ex rel. Ascolese v. Shoemaker Constr. Co.*, 55 F.4th 188, 193 (3d Cir. 2022). And his argument that we should consider whether the gag order was unconstitutional before *Myronova* reaffirmed it is so underdeveloped that we deem it forfeited. *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023).

7

public family court materials" in violation of the Gag Order. App. 25. Its sealing analysis was broad, not particularized. Moreover, portions of the motion and its attachments appear not to merit sealing. *See, e.g.*, App. 586-87 (condemning Russian President Vladimir Putin), 606-08 (recommending books), 630-40 (discussing legal philosophy). So we will vacate the sealing order and remand to the District Court to tailor it more narrowly.[6] *Leucadia*, 998 F.2d at 167. The sealing ordered by that Court shall remain in effect until it enters a modified order. *Id.*

We have considered the other arguments raised by the parties and are unpersuaded. We thus affirm in part, vacate in part, and remand for further proceedings not inconsistent with this opinion.

---

[6] Malhan submitted a sealed appendix containing one of the attachments to that motion. He moved to unseal it in our Court. This was duplicative because he raised the sealing of that document at the District Court as a merits issue. We deny that motion without prejudice; Malhan may renew it before our Court after the District Court reconsiders its sealing order following this opinion and order.